UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In Re: ) | |
| ) | |
| EDGARD VASQUES DEMIRANDA NETO, ) | Case No. 16-10026-MSH |
| ) | Chapter 7 |
| Debtor ) | |
| ) | |
| ROMILDO CUSTÓDIO DE SOUZA, ) | |
| ) | |
| Plaintiff ) | |
| ) | Adversary Proceeding |
| Vs. ) | No. 16-01098 |
| ) | |
| EDGARD VASQUES DEMIRANDA NETO, ) | |
| ) | |
| Defendants ) | |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff, Romildo Custodio deSouza ("Plaintiff") and Defendant, Edgard Vasques deMiranda Neto ("Defendant"), hereby move the Court for an Order approving the Settlement Agreement between the parties attached hereto and marked as Exhibit "A".

In support of this Motion, the parties state as follows:

1.      On or about February 18, 2015, Plaintiff filed a small-claims action against the Defendant in the Malden District Court in connection with the sale of a motor vehicle sold to Plaintiff by Defendant.

2.      On or about October 9, 2015, the Malden District Court entered a default judgment in favor of Plaintiff and against the Defendant in the amount of $5,844.10, plus interest and costs. (the "Malden Judgment").

Case 16-10026   Doc 69   Filed 10/31/16   Entered 10/31/16 10:30:12   Desc Main
Document      Page 2 of 9

3.      On or about January 6, 2016, the Defendant filed a voluntary petition for

relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code").

4.      On or about June 8, 2016, the Plaintiff filed the herein adversary

proceeding (the "Adversary Proceeding"), seeking a determination by the Court that

Defendant's debt to Plaintiff is nondischargeable pursuant to 11 U.S.C. §523(a)(6),

alleging that the Defendant acted willfully and maliciously by failing to return the deposit

paid to Defendant by Plaintiff for the purchase of the motor vehicle, as well as for failing

to reimburse Plaintiff for highway tolls incurred by Defendant while driving the vehicle

registered to Plaintiff.

5.      In addition, the Adversary Complaint seeks a judgment denying Defendant

a Chapter 7 discharge pursuant to 11 U.S.C. §727(a)(4), for not reporting money given to

the Defendant by his mother for household living expenses in the months prior to the

Defendant's bankruptcy filing as "income" on Defendant's bankruptcy Schedule I, as

well as failing to list his mother as a creditor in Schedule F.

6.      The parties now wish to settle their differences amicably, and have

reached the Settlement Agreement, subject to approval by the Court.

7.      Pursuant to the terms of the Settlement Agreement, Defendant agrees that

Plaintiff will hold a nondischargeable claim in the amount of $3,612.87, and Defendant

agrees to pay said amount over a term of three (3) consecutive months with 3 equal

monthly installments.  In return, Plaintiff and Defendant agree to voluntarily dismiss both

the Section 523(a)(6) and 727(a)(4) counts, thereby dismissing all counts set forth in the

Adversary Proceeding and resolving all matters raised therein.

8.      The parties state that the Settlement Agreement is in the best interest of the parties in that it resolves all matters concerning the sale of the motor vehicle and the allegations raised by Plaintiff under Section 523(a)(6).  The parties also believe that dismissal of the Section 727(a)(4) count is also in the best interest of the parties, as well as the Debtor's bankruptcy estate.  The Debtor has maintained that any support he received from his mother prior to the bankruptcy filing was neither income nor a loan required to be disclosed on the Debtor's bankruptcy schedules, but rather family support which was openly disclosed by the Debtor at both his Section 341 creditors' meeting to the Chapter 7 Trustee, and at the 2004 Examination conducted by counsel to the Plaintiff. The Defendant therefore avers that he did not knowingly and fraudulently make a false oath or account in connection with his bankruptcy filing, and is therefore entitled to his Chapter 7 Discharge.

WHEREFORE, the parties respectfully request that the Court enter an Order approving the Settlement Agreement, and granting such additional relief as the Court deems just under the circumstances.

EDGARD VASQUES DEMIRANDA NETO
By his attorney,

/s/ George J. Nader
_____
George J. Nader
BBO #549149
Riley & Dever, P.C.
210 Broadway, Suite 101
Lynnfield, MA 01940
(781) 581-9880
nader@rileydever.com

ROMILDO CUSTÓDIO DE SOUZA
By his attorney,

/s/ Peter Cole

_____
Peter Cole, Esq.
BBO #667404
Law Office of Peter Cole
70 Hichborn Street, Unit 2C
Brighton, MA 02135
(857)559-1007
attypetercole@gmail.com


Dated:  October 31, 2016

## <u>CERTIFICATE OF SERVICE</u>

     I, George J. Nader, do hereby certify that I have this day served a copy of the **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT,** by first class mail, postage prepaid to individuals on the attached Service List and/or by electronic mail on all ECF registered users.

EDGAR VASQUEZ DEMIRANDA NETO
By his attorney,


/s/ George J. Nader
_____
George J. Nader
  BBO #549149
Riley & Dever, P.C.
210 Broadway
Suite 101
Lynnfield, MA 01940-2351
(781) 581-9880
nader@rileydever.com

Dated: October 31, 2016

## Service List

John Fitzgerald, United States Trustee
Office of the United StatesTrustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA  02109

Mark G. DeGiacomo, Esq.
Murtha Cullina, LLP
99 High Street
Boston, MA 02110

Peter Cole, Esq.
Law Offices of Peter Cole
70 Hichborn Street, Unit 2C
Brighton, MA 02135

James J. McNulty, Esq.
40 Court Street
Suite 1150
Boston, MA 02108

Elza G. Cadet
154 Summer Street
Medford, MA 02155

Mauricio Ortiz
133B Broadway
Somerville, MA 02145

Jorge H Paguada
Rudis Paguada
156 Chester Avenue
Chelsea, MA 02150

Rita Pina Medina
534 Revere Street #3
Revere, MA 02151

Saul Mejia
57 Webster Avenue, Apt #2
Somerville, MA 02143

Anne Vovoles
53 Cedar Street #3213
Woburn, Ma 01801

Mayada Guzman
83 Cabot Street
Beverly, MA 01915

Maloney Properties, Inc.
27 Mica Lane
Wellesley, MA 02481

Auto Advance, LLC
14 Joyce Rd
Wayland, MA 01778-4516

Carlos E. Erazo
c/o Francisco J. Rosa, Esq. Rosa & Taing
385 Broadway Ste 305
Revere, MA 02151-3059

Dex Media
c/o Convergent Commercial, Inc.
925 Westchester Ave Ste 101
White Plains, NY 10604-3562

Dominige Dorceus
48 Ash Street
Reading, MA 01867

Edgar Garcia
712 Broadway
Everett, MA 02149-2917

Edgard Vazquez
35 Everett Ave
Everett, MA 02149-5938

Eversource
c/o Associated Credit Services, Inc.
PO Box 5171
Westborough, MA 01581-5171

Jorge H Paguada
Rudis Paguada
156 Chester Avenue
Chelsea, MA 02150

Kevin Devaney d/b/a Shamrock Finance
116 Topsfield Rd
Wenham, MA 01984-1932

Livia Calixto-Aquilo
509 Medford St
Somerville, MA 02145-2653

Luis Ramirez
689 Broadway Apt 1
Chelsea, MA 02150-2509

Maloney Properties, Inc.
27 Mica Lane
Wellesley, MA 02481


Mayada Guzman
83 Cabot Street
Beverly, MA 01915

Michelle Vos
23 Fleet St Apt 11
Boston, MA 02113-2019

Michelle Vos
51 Dartmouth St # 3
Somerville, MA 02145-2834

Nilson G. daSilva
c/o Michael Britto, Esq.
10 Hallron St
Hyde Park, MA 02136-1312

Peter J. Piantidosi
c/o Peter Cole, Esq.
70 Hichborn St Unit 2C
Brighton, MA 02135-2045

Peter Piantidosi
161 Broadway
Somerville, MA 02145-2102

Poland Sprind/Deer Park
c/o Associated Credit Services, Inc.
PO Box 5171
Westborough, MA 01581-5171

Rita Pina Medina
534 Revere Street #3
Revere, MA 02151

Rudis X. Paguada
156 Chester Ave.
Chelsea, MA 02150

Saul Mejia
57 Webster Avenue, Apt #2
Somerville, MA 02143

WB Mason
c/o Allen, Maxwell & Silver, Inc.
190 Sylvan Ave
Englewood Cliffs, NJ 07632-2542