## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement (the "Agreement"), entered into this 28th day of October, 2016, is made by and between the following parties (collectively, the "Parties"): **Romildo Custódio de Souza** ("de Souza"), an individual residing at 15 Dyer Avenue, Apartment 2, Everett, Middlesex County, Massachusetts, on behalf of himself and all his agents, representatives, employees, heirs and assigns; **RSC Construction, Inc.** ("RSC Construction"), a corporation organized under the laws of Massachusetts, with a place of business at 350 Woodland Avenue, Seekonk, Bristol County, Massachusetts, on behalf of itself and all its officers, directors, parents, subsidiaries, divisions, affiliates, agents, employees and representatives; and **Edgard Vasques de Miranda Neto**, ("Defendant"), an individual residing at 104 Green Street, Reading, Middlesex County, Massachusetts, on behalf of himself and all his agents, representatives, employees, heirs and assigns, on the other hand. This Agreement shall designate de Souza and RSC Construction collectively as the "Plaintiffs."

WHEREAS, on or about February 18, 2015, de Souza filed a small-claims action (the "Lawsuit") against the Defendant, docketed in the Malden Division of the District Court Department of the Trial Court of Massachusetts ("Malden District Court") as 15-50-SC-0403;

WHEREAS, the subject matter of the Lawsuit involved a vehicle sold to de Souza and registered in the name of RSC Construction;

WHEREAS, on or about October 9, 2015, the Malden District Court entered a default judgment in favor of de Souza (the "Malden Judgment");

WHEREAS, on or about January 6, 2016, the Defendant filed a Chapter 7 bankruptcy petition, docketed as 16-10026-MSH in the United States Bankruptcy Court for the Eastern Division of the District of Massachusetts ("Bankruptcy Court");

WHEREAS, on or about June 8, 2016, de Souza filed an adversary proceeding docketed as 16-01098-MSH in the Bankruptcy Court, seeking a judgment that the debt owed him by the Defendant was not dischargeable in bankruptcy, and seeking a general denial of the Debtor's Chapter 7 discharge;

WHEREAS, the Parties wish to settle their differences amicably;

**NOW THEREFORE**, for good and valuable consideration, which the Parties acknowledge having received, the Parties hereby agree as follows:

1.  The Defendant shall pay the Plaintiffs the total of three thousand, six hundred twelve and 87/100 dollars ($3,612.87) in three payments (the "Settlement Payments"), according to the schedule attached to this Agreement as Exhibit A. Each of the Settlement Payments shall be by check or money order made payable to the "Law Office of Peter Cole - IOLTA." The Defendant shall deliver each payment to the Plaintiffs' attorney, Peter Cole, at 70 Hichborn Street, Unit 2C, Brighton, MA 02135, or at any other address designated by the Plaintiffs.

2.Upon deposit and clearance of all the Settlement Payments, the Plaintiffs (on behalf of themselves and all their present or former parents, divisions, partners, subsidiaries and/or affiliates, whether direct or indirect, and all their present, former, and future officers, directors, employees, insurers, reinsurers, agents, assigns, representatives, trustees, predecessors, successors and legal representatives) will permanently waive and release all claims, charges, demands, damages, fees, causes of action, and suits of any kind against the Defendant (and his heirs, legatees, or personal representatives) which either Plaintiff has, had, or may have through the date of this Agreement, whether known or unknown, and including all claims under any federal, state, foreign and local statute, ordinance, regulation or order, and under the common law of any jurisdiction. If either Plaintiff commences any lawsuit or other action based on a claim that has been released by this Agreement, or enforces any judgment based on a claim released by this Agreement, the Defendant may assert this Agreement as a bar to any recovery and as a complete defense to such action.

3.Upon signing of this Agreement by all Parties, de Souza shall file, with the Bankruptcy Court, the joint stipulation for dismissal ("Stipulation for Dismissal") attached to this Agreement as Exhibit B.

4.Time is of the essence in making the Settlement Payments. Should the Defendant fail to make any of the Settlement Payments by the dates scheduled in Exhibit A, he shall be in default of this Agreement. Upon occurrence of any default, de Souza shall be entitled to reimbursement for any costs and reasonable attorney's fees incurred in enforcing the Malden Judgment.

5.Any dismissal of the Adversary Proceeding notwithstanding, the Parties agree that the Malden Judgment, up to the amount of $3,612.87, is not dischargeable in bankruptcy. Should de Souza incur any costs or reasonable attorney's fees in the event of a default by the Defendant, the parties agree that such costs and fees are not dischargeable in bankruptcy. The Defendant waives any dischargeability defense he may have to the debts identified in this paragraph.

6.During the period covered by this Agreement, the Defendant, including his agents, employees, and representatives, shall not transfer, convey, assign, pledge, destroy, dissipate, conceal, or otherwise dispose of his assets, whether real or personal, tangible or intangible, except in the ordinary course of business.

7.All Parties shall cooperate fully in signing any documents necessary to perform their obligations under this Agreement. The Parties further agree to cooperate fully in the correction, adjustment, revision or completion of documents executed, in connection with this Agreement, for the purpose of correction of clerical, typographical or other errors or omissions.

8.This Agreement may not be modified, amended, or terminated except by an instrument in writing, signed by all of the Parties.

9.No failure to exercise and no delay in exercising any right, remedy, or power under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy, or power under this Agreement preclude any other or further exercise thereof, or the

exercise of any other right, remedy, or power provided herein or by law or in equity.

10.     This Agreement shall be construed as a contract governed by the Laws of the Commonwealth of Massachusetts.

11.     In the event that any clause in this Agreement shall be determined by a Court of competent jurisdiction to be void and/or unenforceable, those other remaining parts of this document shall retain their validity and be severable, not affected adversely by the negation of the voided clause.

12.     The Defendant asserts that he is of full age (over 21 years of age), is not in military service, is mentally competent, and understands fully this Agreement and the terms therein. The Defendant further acknowledges that he has had the opportunity to review this Agreement with an attorney of his choosing before signing it.

13.     The Parties may sign this Agreement in counterparts, which together shall have full force and effect.

**[BALANCE OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**EXECUTED THIS \_\_\_\_\_ DAY OF OCTOBER, 2016.**

_____

Romildo Custódio de Souza

_____

RSC Construction, Inc.

By: _____

Its: _____

_____

Edgard Vasques de Miranda Neto

**EXECUTED THIS** 28th **DAY OF OCTOBER, 2016.**

_____
Romildo Custódio de Souza


_____
RSC Construction, Inc.
By: Romildo C. de Souza
Its: President



_____
Edgard Vasques de Miranda Neto

-4-

## SETTLEMENT AGREEMENT

### EXHIBIT A

### SETTLEMENT PAYMENTS

| Date | Amount |
| --- | --- |
| November 1, 2016 | One Thousand Two Hundred and 00/100 Dollars ($1,200.00) |
| December 1, 2016 | One Thousand Two Hundred and 00/100 Dollars ($1,200.00) |
| January 1, 2017 | One Thousand Two Hundred Twelve and 87/100 Dollars ($1,212.87) |