Michael Satterwhite
The Satterwhite Law Firm, P.C.
PO Box 569 REVERE MA 02151
*Attorney for Tiago H Pereira*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE | ) <br> ) <br> ) Cause No: 16-10026 <br> ) <br> ) |
| EDGARD VASQUEZ DE MIRANDA <br> NETO Debtor. | ) <br> ) <br> ) <br> ) |
| TIAGO H PEREIRA, <br><br> Plaintiff, <br><br> v. <br><br><br><br><br><br> EDGARD VASQUEZ DE MIRANDA <br><br> Defendant. | ) <br> ) **ADVERSARY** <br> ) **PROCEEDING** <br> ) **(COMPLAINT** <br> ) **OBJECTING TO** <br> ) **DISCHARGE OF DEBTS)** <br> **)** <br> ) No. 16-01081 <br> ) <br> ) <br> ) |

### JOINT MOTION TO APPROVE AGREE TO STIPULATION BY AND BETWEEN DEBTOR AND FIRST PRIORITY CREDIT UNION AND MOTION FOR RELIEF FROM AUTOMATIC STAY

Pursuant to MLBR 9019-1, Tiago H Pereira, creditor in the above-captioned bankruptcy

case and Edgard Vasquez De Miranda Neto hereby requests that the Court approve the Stipulation (the "stipulation"). In support of this motion, Creditor, Tiago H Pereira and Edgard Vasquez De Miranda Neto avers as follows:

1. Creditor was not listed in the Voluntary Filing as a creditor.

2. Creditor filed an adversary complaint objecting to the discharge of the debt owed to him by Debtor under 11 U.S.C. § 523(a)(2)(A) and (6). The purpose of Section 523 of the Bankruptcy Code is to protect victims of fraud. *Sasson v. Sokoloff*, 424 F.3d 864, 875 (9th Cir. 2005). Creditor alleges it is a victim of fraud caused by the actions of Debtor. The Debtor denies these allegations and states that he committed no acts of fraud against the Creditor

3. Due to the substantial uncertainty due to the facts in this case and costs of litigation, The Debtor has agreed to pay the Creditor a payment of $400.00 a month, on the settlement balance of $12,500.00.

4. Per the Agreement, Debtor agrees that the judgment in the amount of $12,500 (the "Judgment") held by Creditor should not be granted a discharge because it falls within the purview of 11 U.S.C. § 523(2) and/or 11 U.S.C. § 523(6).

5. Per the Agreement, Debtor agrees to the liability to Creditor for the Judgment described herein, and has determine the amount of said debt for which Debtor is liable.

6. Per the Agreement, Debtor agrees to a Payment Order, with payments made according to the Agreement, to Creditor's Attorney, Michael A. Satterwhite, Esq at PO Box 569 Revere MA 02151.

7. Per the Agreement, Debtor will agree to the lifting of the Automatic Stay on the Judgment Debt for repayment to commence to Creditor.

8. Per the Agreement, Debtor agrees that a default would cause the Debtor to be liable for collection fees and attorneys' fees and the enforcement of the Judgment would proceed.

## **THE STIPULATION IS IN THE BEST INTERESTS OF THE DEBTOR AND CREDITOR**

Settlements generally are subject to disclosure and bankruptcy court approval procedures under both the federal and local bankruptcy rules. MLBR 9019–1(a), (b). Local Rule 9019–1(a) requires "[a]ll stipulations affecting a case or proceeding before the Court, except stipulations which are made in open court" to be "in writing, signed, and filed with the Court." See MLBR 9019–1(a). Parties are also directed to file a signed stipulation or agreement for judgment within 7 days after reaching that agreement. See MLBR 9019–1(b). Under the Local Rules, only settlements of § 523 dischargeability actions may be documented "by the filing of a stipulation or an agreement for judgment." See MLBR 9019–1(c). In the present case, the Court, in its discretion, did not order the parties to file the entirety of the settlement terms with the Court as arguably required by the federal and local rules, deeming disclosure on the record at the Settlement Hearing as sufficient under the circumstances of this case.

In the present case, the settlement contained in the Agreement is the product of an arm's length negotiation between Debtor and Creditor. Creditor filed an adversary complaint due to the Judgment they held against Debtor, which included claims for Fraud

and based on these facts the Debtor agrees that the Judgment may not qualify to be discharged in the Voluntary Filing. Instead of prolonging the finding in favor of the Creditor and Debtor agreed to negotiated terms, that included an affordable repayment plan until Debtor and did not include attorneys' fee.

    Per the Agreement, Parties pray that this Court approve the Stipulation between the parties as an order of this court

DATED this 17th day of January, 2017

By: /s/ Michael A. Satterwhite

Michael A. Satterwhite 686937
The Satterwhite Law Firm, P.C.
*Attorney for Tiago H Pereira*

By:
DATED this 17TH day of November, 2017
By: /s/ George J. Nader
George J Nader
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

Under penalty of perjury, the undersigned hereby certifies that on January 18, 2017, I served a true and exact copy of the foregoing document by depositing the same in the U.S. Mail, first class postage prepaid, or via CM/ECF addressed to the following:

Peter Cole on behalf of Creditor Romildo C. De Souza
bic.legal@gmail.com
Mark G. DeGiacomo
mdegiacomo@murthalaw.com, MA42@ecfcbis.com;jbabula@murthalaw.com

Mark G. DeGiacomo on behalf of Trustee Mark G. DeGiacomo
mdegiacomo@murthalaw.com, kbratko@murthalaw.com

John Fitzgerald
USTPRegion01.BO.ECF@USDOJ.GOV

James J. McNulty on behalf of Creditor Shamrock Finance LLC
jjm@jjmcnultylaw.com

George J. Nader on behalf of Debtor Edgard Vasques de Miranda Neto
nader@rileydever.com, g30344@notify.cincompass.com


DATED this 17th day of January, 2017

By: /s/ Michael A. Satterwhite

Michael A. Satterwhite
The Satterwhite Law Firm, P.C.
Attorney for First Priority Credit Union